IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LARRY DON WESLEY MAYNARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-972-W |
| | ) | |
| GOVERNOR MARY FALLIN, | ) | |
| JUSTIN JONES, TERRY JENKS | ) | |
| SUCCESSOR, DR. MARC DREYER, | ) | |
| LYNNELL HARKINS, CURRIE | ) | |
| BALLARD, DAVID MOORE, STATE | ) | |
| OF OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, has initiated the present action under 42 U.S.C. § 1983. United States District Court Judge Lee R. West referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). For the reasons that follow, the undersigned recommends dismissal without prejudice on screening.

**I.     Plaintiff's complaint.**

Plaintiff alleges that Okla. Stat. tit. 57, § 332.7 violates the Ex Post Facto Clause and that Defendants have conspired to apply the statute to deny him an annual "personal appearance"[1] before the Oklahoma Pardon and Parole Board.

---

[1]     Unless otherwise indicated, all quotations are transcribed verbatim.

Doc. 1, at 1-4.[2] Plaintiff further argues that because all mentally ill inmates – including himself – are denied parole because they do not have a chance to personally defend themselves at an annual parole hearing, the state statute also violates the American with Disabilities Act, 42 U.S.C. §§ 12131-12134 ("ADA"). *Id.* at 3-4; Doc. 2, at 8-9, 13.[3]

## II. Screening.

Because Plaintiff has sued government officials, Doc. 1, at 1-3, the Court has a duty to screen the complaint. *See* 28 U.S.C. § 1915A(a). In that analysis, the Court must consider in relevant part whether the complaint fails to state a claim upon which relief may be granted. *Id.* § 1915A(b)(1). To survive screening, Plaintiff must plead "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to Plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir.

---

[2] All page citations reflect the Court's CM/ECF pagination.

[3] In his brief in support, Plaintiff criticizes the state of mental health treatment in Oklahoma and in the Oklahoma Department of Corrections. Doc. 2, at 10-12. For example, Plaintiff suggests that he would not have committed a crime in 1988 if he had not been denied a constitutional right to mental health treatment. *Id.* at 12. On these issues, the undersigned has construed Plaintiff's brief as providing background information to support his ADA claim, and not as raising independent grounds for relief.

2011) (citation omitted).

## III. Plaintiff's ex post facto claim.

Plaintiff was convicted in 1988. Doc. 1, at 5. At that time, the Forgotten Man Act governed parole opportunities and directed that once eligible for parole, an inmate would be re-considered for parole every twelve months. *See Traylor v. Jenks*, 223 F. App'x 789, 790 (10th Cir. 2007) (detailing the parole opportunities for inmates convicted before 1998). In 1997, the Forgotten Man Act was repealed and replaced with Okla. Stat. tit. 57, § 332.7. *Id.* Under the new statute, "a person who committed a violent crime before July 1, 1998, and has been denied parole, is eligible for reconsideration at least once every three years." *Id.*; *see also* Okla. Stat. tit. 57, § 332.7(D).

Plaintiff alleges that Okla. Stat. tit. 57, § 332.7's application to his case violates the Ex Post Facto Clause for two reasons. First, he alleges that the statute effectively renders his sentence as "life without the possibility of parole." Doc. 2, at 5, 7-10, 15-16. Second, Plaintiff claims that the statute has retroactively deprived him of his constitutional right to have a "Personal Appearance before the Parole Board." Doc. 1, at 1, 4. The undersigned disagrees with both points, and recommends dismissal on screening.

### A. Plaintiff's argument involving Okla. Stat. tit. 57, § 332.7's alleged effect on his sentence.

The Ex Post Facto Clause "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504-505 (1995) (citations omitted). Thus, a law violates the Ex Post Facto Clause only when an offense's definition or an allotted punishment is altered to the offender's disadvantage. *See Lynce v. Mathis*, 519 U.S. 433, 441 (1997). The Tenth Circuit Court of Appeals has clearly held that the relevant change in Oklahoma law – Okla. Stat. tit. 57, § 332.7's enactment – does not constitute a facial violation of the Ex Post Facto Clause. *See Henderson v. Scott*, 260 F.3d 1213, 1216 (10th Cir. 2001) ("When viewed within the whole context of Oklahoma's parole regulations, [Okla. Stat. tit. 57 § 332.7] does not facially increase the likelihood of punishment.").

Despite that holding, Plaintiff can still succeed on an ex post facto claim if he can show that application of Okla. Stat. tit. 57, § 332.7 to him specifically "would result in a significant risk of a longer period of incarceration." *Id.* at 1217; *see also Koch v. Daniels*, 296 F. App'x 621, 625 (10th Cir. 2008) ("A retroactive law may not violate the Ex Post Facto Clause on its face, yet may still be applied in a way that increases a convict's punishment and therefore violates the Clause."). However, the undersigned finds that Plaintiff's allegations are

4

insufficient to carry his burden.

In *Henderson v. Scott*, the Tenth Circuit considered the inmate's multiple convictions for kidnapping and first-degree rape and the lengthy sentences imposed for both offenses. *See* 260 F.3d at 1214. Based on that consideration, the court held that the inmate had offered only "remote speculation to suggest that the application of the amended statute . . . [would] increase his punishment." *Id.* at 1217. Accordingly, the court rejected the inmate's as-applied ex post facto challenge to Okla. Stat. tit. 57, § 332.7. *Id.* at 1217-18.

Like the inmate in *Henderson*, Plaintiff was convicted of a violent crime – here, shooting with intent to kill – and sentenced to a lengthy incarceration – ninety-nine years plus one day. Doc. 2, at 5. Based on the crime and the sentence's gravity, the undersigned finds that Plaintiff's prospects for parole are remote and a change in his hearing dates appears immaterial. And because Plaintiff can show only a "remote speculation" to suggest an increase in punishment, his as-applied ex post facto challenge to Okla. Stat. tit. 57, § 332.7 fails. *See Henderson*, 260 F.3d at 1217-18; *see also Davis v. Okla. Pardon-Parole Bd.*, No. CIV-09-618-M, 2010 WL 152137, at \*1, \*3 (W.D. Okla. Jan. 14, 2010) (unpublished order) (adopting magistrate judge's rejection of prisoner's as-applied ex post facto challenge to Okla. Stat. tit. 57, § 332.7 on grounds that with a violent crime conviction and a lengthy sentence, inmate had offered only a

remote speculation that he actually faced a significant risk of a longer incarceration).[4]

### B. Plaintiff's argument involving his alleged constitutional right to a personal appearance before the parole board.

Plaintiff's argument that Okla. Stat. tit. 57, § 332.7 retroactively deprives him of his constitutional right to a personal appearance before the parole board is also meritless because Plaintiff lacks any such right. *See Burnette v. Fahey*, 687 F.3d 171, 182 (4th Cir. 2012) ("[W]e have declined to hold that, as a constitutional matter, each prisoner must 'receive a personal hearing . . . . before the [Parole] Board.'"); *Taylor v. Hargett*, No. 99-6102, 2000 WL 135172, at *1 (10th Cir. Feb. 7, 2000) (unpublished op.) (rejecting inmate's claim that he was denied his right to personally appear at his parole hearing and holding that the parole board's "jacket review" was constitutionally sufficient).

## IV. Plaintiff's ADA claim.

Title II of the ADA provides that: "Subject to the provisions of this

---

[4] Plaintiff alleges a violation of both Oklahoma and the federal constitution's Ex Post Facto Clauses. Doc. 1, at 4. The Oklahoma Supreme Court has held that because "the languages in these clauses mirror each other, we interpret the Ex Post Facto Clause in the Oklahoma Constitution consistent with federal Ex Post Facto Clause jurisprudence." *Starkey v. Okla. Dep't of Corr.*, 305 P.3d 1004, 1034 n.6 (Okla. 2013). Thus, to the extent that Plaintiff's complaint can be construed as raising a supplemental state law claim, the same reasoning applies and warrants dismissal.

subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a valid claim for relief based on this language, Plaintiff must allege that: (1) he is a "qualified individual with a disability," (2) "who was excluded from participation in" annual parole hearings or "denied the benefits" of annual parole hearings, (3) because of his disability. *Cohon ex rel. Bass v. N.M. Dep't of Health*, 646 F.3d 717, 725 (10th Cir. 2011). The undersigned finds that Plaintiff's complaint fails to include the necessary allegations.

Plaintiff's complaint does not allege that he has been denied the opportunity to participate in annual parole hearings *because* of his mental illness. Most likely because such an allegation would be categorically untrue. Instead, Plaintiff alleges only that the three-year delay in parole hearings is particularly disadvantageous to him – a mentally ill inmate – because he lacks the ability to personally plead his case to the parole board. Doc. 2, at 8-9, 13; *see also id.* at 10 (Plaintiff's statement that "he is a mentally ill inmate and if he could just get in front of the Parole Board Personally, he may have had a better opportunity to obtain a favorable Parole consideration"). Because Plaintiff's mental illness is not the *cause* of the three-year delay in parole hearings – the

7

Oklahoma statute is – Plaintiff fails to state a valid claim for relief under the ADA. *See Jones v. Smith*, 109 F. App'x 304, 309 (10th Cir. 2004) (affirming the dismissal of inmate's ADA claim because plaintiff did not allege that the supposed discriminatory action "was done *because of his disability*") (emphasis in original); *see also, e.g., Nasious v. Colorado*, 495 F. App'x 899, 902 (10th Cir. 2012) (affirming the granting of summary judgment on inmate's ADA claim because "he failed to produce evidence to show defendants denied him access to a prison program or discriminated against him *because of* his asserted disabilities") (emphasis in original).

Another flaw in Plaintiff's theory is that his alleged disadvantage – not being able to speak directly to parole board members – applies equally to *all* inmates with delayed parole hearings – not just those that are mentally ill. This further undermines any suggestion that Plaintiff has been discriminated against or treated differently *because* of his mental illness. *See Elbert v. N.Y. State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 595-96 (S.D.N.Y. 2010) (collecting cases to establish that inmate cannot maintain a claim under the ADA when he does "not allege that [he] was treated differently because of his . . . disability").

Based on the forgoing, the undersigned finds that Plaintiff has failed to state a valid claim for relief under the ADA.

## V. Plaintiff's conspiracy claims.

Plaintiff also alleges that all Defendants entered a "conspiracy to deny a mentally ill person his Constitutional . . . Right to have a Personal Appearance before the Parole Board . . . ." Doc. 1, at 1-3; *see also* Doc. 2, at 17. The undersigned recommends that the Court also dismiss these claims on screening.

To prove a conspiracy under § 1983, Plaintiff must establish not only the existence of the conspiracy but also the deprivation of a constitutional right. *See Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995). The same is true for conspiracy claims under § 1985. *See Holmes v. Finney*, 631 F.2d 150, 154 (10th Cir. 1980) (noting that because § 1985 is a "purely remedial statute," "infringement of some federally protected right is required for a violation of the conspiracy statute to be demonstrated"). As discussed above, Plaintiff's claims arising under the Ex Post Facto Clause and the ADA should be dismissed. Thus, "[s]ince an essential element of the conspiracy claim is absent, the allegation fails." *Thompson*, 58 F.3d at 1517; *see also Berry v. Oklahoma*, 495 F. App'x 920, 922 (10th Cir. 2012) ("And because Berry has not established a constitutional violation, his § 1983 conspiracy claim also fails."); *Harris v. Mullin*, No. CIV-05-183-SPS, 2006 WL 1982875, at *5 (E.D. Okla. July 13, 2006) (unpublished order) (holding that where inmate failed to establish underlying violation, "any 42 U.S.C. § 1985(3) conspiracy claims based on the alleged . . .

9

violations by Defendants must likewise fail").

## VI. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice on screening. With adoption of this recommendation, Plaintiff's pending motion for order for service, Doc. 4, will become moot.

Plaintiff is advised of his right to file an objection to the report and recommendation with the Clerk of this Court by October 14, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned in the present case.

IT IS SO ORDERED this 24th day of September, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE