FILED

OCT 1 0 2013

ROBERT D. DENNIS, CLERK
U S DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

LARRY DON WESLEY MAYNARD, )
)
Plaintiff, )
)
vs. ) No. CIV-13-972-W
)
GOVERNOR MAY FALLIN et al., )
)
Defendant. )

## ORDER

On September 24, 2013, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation in this matter and recommended that the complaint filed by plaintiff Larry Don Wesley Maynard, proceeding pro se, be dismissed without prejudice. Maynard was advised of his right to object, and the matter now comes before the Court on Maynard's Reply to Magistrate's Report and Recommendation [Doc 9] and Motion to Disqualify [Doc. 8].

Upon de novo review, the Court finds that recusal is not warranted and concurs with Magistrate Judge Mitchell's suggested disposition of this matter. Title 28, section 455 of the United States Code, upon which Maynard has relied, provides in pertinent part that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455 further provides that a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," id. § 455(b)(1), or where "[h]e . . . [i]s known . . . to have an

interest that could be substantially affected by the outcome of the proceeding." Id. § 455(b)(5)(iii).

Adverse judicial rulings do not constitute valid grounds for showing bias or partiality. E.g., ClearOne Communications, Inc. v. Bowers, 509 Fed. Appx. 798, 802 (10th Cir. 2013) (cited pursuant to Tenth Cir. R. 32.1). Moreover, as the United States Supreme Court has held,

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994)(emphasis deleted).

Maynard has produced no evidence that requires disqualification of the undersigned, Magistrate Judge Mitchell or any other district or magistrate judge in the Western District of Oklahoma as Maynard has requested; rather, the adverse ruling issued by Magistrate Judge Mitchell resulted from her application of the law to the allegations in the instant complaint.

Recusal is likewise not warranted based upon Maynard's unsubstantiated and conclusory allegations that

> the prevailing personal and professional relationship[s] in this Judicial District, combined with the documented irregularities that have already transpired affecting Plaintiff, require[ ] that this Court Disqualify itself and bring a Judge from outside its Jurisdiction[.]

Doc. 8 at 3.

"A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation," Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987)(citations omitted), and Maynard has not shown that "a reasonable person, knowing all the relevant facts, would

2

harbor doubts about the . . . impartiality [of the undersigned, Magistrate Judge Mitchell or any district or magistrate judge in this judicial district]." Id.

Maynard has also challenged the Report and Recommendation and Magistrate Judge Mitchell's suggested dismissal of his claims. In his complaint, Maynard has contended that title 57, section 332.7 of the Oklahoma Statutes[1] violates the ex post facto clause of the United States Constitution[2] because, as now enacted, it denies him a "Personal Appearance Hearing," Doc. 1 at 4, before the Oklahoma Pardon and Parole Board ("Parole Board" or "Board"), and that the defendants have conspired to apply that statute in a manner that denies him, as a mentally ill inmate, a personal appearance before the Board. Maynard has further alleged because mentally ill inmates, including himself, are denied the opportunity to personally defend themselves before the Board, section 332.7 also violates the American with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.

Maynard has first argued that Magistrate Judge Mitchell improperly "argu[ed] the Defendant's Case for them." Doc. 9 at 2. Maynard has named as defendants Mary Fallin, Governor of the State of Oklahoma, and Justin Jones, Director of the Oklahoma Department of Corrections, as well as Board members Terry Jenks, Dr. Marc Dreyer, Lynnell Harkins, Currie Ballard and David Moore, and because Maynard has sought

---

[1] "Under the Truth in Sentencing Act, [57 O.S. § 332.7,] a person who committed a violent crime before July 1, 1998, and has been denied parole, is eligible for reconsideration at least once every three years." Traylor v. Jenks, 223 Fed. Appx. 789, 790 (10th Cir. 2007)(citing 57 O.S. § 332.7(A), (D)).

[2] The ex post facto clause of the Oklahoma Constitution, Okla. Const. Art. 2, § 15, "mirrors" the federal ex post facto clause. E.g., Starkey v. Oklahoma Department of Corrections, 305 P.3d 1004, 1034 n.7 (Okla. 2013). Thus, to the extent, if any, Maynard has sought relief under state law based upon facial and as applied challenges, his supplemental state law claims fail for the same reasons his federal claims provide no relief.

3

redress from officers or employees of a governmental entity, Magistrate Judge Mitchell was obligated to conduct the preliminary screening required by title 28, section 1915A(a) of the United States Code.[3] Based upon that review, she recommended that Maynard was not entitled to any relief requested. As stated, the Court concurs.

First, the United States Court of Appeals for the Tenth Circuit in addressing a facial challenge has held that section 332.7 does not violate the ex post facto clause because it "does not facially increase the likelihood of punishment." Henderson v. Scott, 260 F.3d 1213, 1216 (10th Cir. 2001). Second, Maynard has failed to state a claim for relief with regard to whether section 332.7 as applied violates the ex post facto clause because the allegations in the complaint do not show that the statute's "application . . . would result in a significant risk of a longer period of incarceration." Henderson, 260 F.3d at 1217; e.g., id. (remote speculation that application of statute will increase punishment is insufficient).

Moreover, Maynard's claim that section 332.7 is constitutionally defective because he is denied a personal appearance before the Board and has received only a "jacket review" provides no basis for relief. E.g., Taylor v. Hargett, 2000 WL 135172 *1 (10th Cir. 2000)(cited pursuant to Tenth Cir. R. 32.1 (rejecting inmate's claim that his parole eligibility was affected because he was not permitted to appear in person at parole hearing and holding that "jacket review" by parole board was constitutionally sufficient).

In assessing the sufficiency of Maynard's ADA claim, the Court is mindful that the complaint must "'sufficiently allege[ ] facts supporting all the elements necessary to

---

[3]Section 1915A(a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

4

establish an entitlement to relief under the legal theory proposed.'" Lane v. Simon, 495 F.3d 1182, 1186 (10th Cir. 2007)(quoting Forest Guardians v. Forsgren, 478 F.3d 1149, 1160 (10th Cir. 2007)). This means that the Court must "compar[e] the pleading with the elements of the cause[ ] of action.'" Burnett v. Mortgage Electronic Registration Systems, Inc., 706 F.3d 1231, 1236 (10th Cir. 2013)(citation omitted). "Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." Id. (quotations omitted).

Maynard therefore must allege for purposes of Title II to the ADA that he is a "qualified individual with a disability," who "by reason of such disability," has been "excluded from participation in or denied the benefits of," parole hearings at which he may personally appear. E.g., Cohon ex rel. Bass v. New Mexico Department of Health, 646 F.3d 717, 725 (10th Cir. 2011)(quoting 42 U.S.C. § 12132). Because the complaint contains no well-pleaded allegations that the alleged discriminatory action, namely, the defendants' failure to permit him to personally appear at a parole hearing, resulted "by reason of" his disability,[4] the Court finds Maynard has failed to state a valid claim for relief under the ADA.

The Court likewise finds dismissal is warranted as to Maynard's claim that the defendants have "entered into [a] conspiracy to deny [not only] a mentally ill person his Constitutional and Statutory Right to have a Personal Appearance before the Parole Board

---

[4]Maynard has instead complained that section 332.7 discriminates against "all pre-1997 inmates," Doc. 2 at 5, "[b]ecause . . . almost all pre-1997 inmates can never get pas[t] this Jacket Review and denies them any type of Personal Appearance." Id.; e.g., id. at 9 ("most of the other pre-1997 inmates" would have received parole or commutation if they had been permitted to personally appear before the Board).

5

... ," Doc. 1 at 1, ¶ 2, but also "all pre-1997 inmates . . . ." Doc. 2 at 18. To establish a conspiracy for an alleged constitutional or statutory violation,[5] a plaintiff must show, inter alia, "a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective." Brooks v. Gaenzle, 614 F.3d 1213, 1227-28 (10th Cir. 2010)(citation omitted). Because the Court has dismissed Maynard's constitutional and statutory claims, which are the alleged underlying unlawful acts or wrongs and because there are no well-pleaded factual allegations showing agreement and concerted action—only Maynard's speculation and conjecture, the Court finds that Maynard may not pursue his claim of conspiracy.

Accordingly, the Court

(1) DENIES Maynard's Motion to Disqualify [Doc. 8] file-stamped October 7, 2013;

(2) ADOPTS the Report and Recommendation [Doc. 7] issued on September 24, 2013;

(3) DISMISSES Maynard's complaint without prejudice; and

(4) in so doing, deems MOOT Maynard's Motion for Marshal Service [Doc. 4] file-stamped September 10, 2013.

ENTERED this 10th day of October, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[5]Maynard has cited both title 42, section 1983 and title 42, section 1985 of the United States Code in his complaint. "[M]any differences exist between [section] 1983 and [section] 1985 for the purpose of alleging an actionable conspiracy. For instance, [section] 1983 applies to defendants acting under color of state law, while [section] 1985 applies to 'private conspiracies driven by some racial or otherwise class-based discriminatory animus.'" Brooks v. Gaenzle, 614 F.3d 1213, 1227 (10th Cir. 2010)(quotation and citation omitted). Despite these and other differences, both section 1983 and section 1985 require allegations that show agreement and concerted action among and between the alleged co-conspirators. E.g., id. at 1228.

6